IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FELLS, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:11-CV-1249 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| PENNSYLVANIA BOARD OF | : |
| PROBATION AND PAROLE, *et al.*, | : |
| | : |
| Respondents | : |

## **MEMORANDUM**

March 5, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Zachary Fells ("Petitioner" or "Fells"), an inmate presently confined at the State Correctional Institution Huntingdon ("SCI Huntingdon") in Huntingdon, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254.  (Doc. 1.)  Fells challenges a July 30, 2010 decision by Respondent the Pennsylvania Board of Probation and Parole ("the Board") denying him parole, which allegedly was based upon Fells' failure to complete a sexual offender's group.  (*Id.* at 5; Doc. 4, Mem. of Law, at 1.)

By Order dated July 13, 2011, we directed service of the Petition on

Respondents, and directed Respondents to answer the allegations in the Petition within twenty-one (21) days. (Doc. 6.) Our Order also provided Fells with an opportunity to file a reply brief within fourteen (14) days of the date of filing of the response. (*Id.*) Following two (2) requests for extensions of time to respond to the Petition filed by counsel for the Board, which were granted, on October 3, 2011, a Response to the Petition (Doc. 15), supporting exhibits (Docs. 15-1, 15-2), and a supporting memorandum of law (Doc. 16) were filed. Following two (2) requests for extensions of time by Fells, which were granted, on December 8, 2011, he filed his reply brief (Docs. 22, 24).[1] Fells simultaneously filed a Motion to Appoint Counsel (Doc. 23), which was denied by Order dated January 6, 2012 (Doc. 26). Accordingly, the Petition is fully briefed and ripe for disposition. For the reasons set forth below, the Petition will be dismissed for failure to exhaust administrative and state court remedies.

## I.    FACTUAL BACKGROUND

The Board currently has parole jurisdiction over Fells based upon the sentence he presently is serving, which is a one and one-half (1 and ½) to three (3) year sentence for Failure to Comply with Requirements for Sex Offenders Registration in

---

[1] Fells filed a one-page document that states only "Answer to Board's Response to Writ of Habeas Corpus," which the Clerk of Court docketed as his reply brief (Doc. 22), and a four-page document he identified as a Memorandum of Law (Doc. 24). We construe the two filings taken together as his reply brief.

violation of 18 Pa. Cons. Stat. Ann. § 4915 that was imposed by the Dauphin County Court of Common Pleas on June 26, 2009. (*See* Doc. 15-2 at 13, Ex. 8, Sentence Status Summary.) The minimum and maximum dates for this sentence are November 18, 2010 and May 18, 2012. (*See id.*)

The Board first acquired parole authority over Fells when he was serving a previous three (3) to ten (10) year sentence imposed by the Dauphin County Court of Common Pleas for two (2) counts of Rape in violation of 18 Cons. Stat. Ann. § 3121 and one (1) count of Statutory Rape in violation of 18 Pa. Cons. Stat. § 3122.[2] (*See* Doc. 15-2 at 1, Ex. 1, Sentence Status Summary)  While serving that sentence, the Board denied Fells parole six times in decisions dated January 21, 1999, May 22, 2000, May 10, 2001, April 2, 2002, January 3, 2003, and November 7, 2003. (*See id.*, Exs. 2-7, Parole Denial Decisions.)  Fells' failure to participate in and complete sex offender programming was one of the reasons cited for the denial of parole in all six of the decisions. (*See id.*)  The Board finally granted parole to Fells on May 12, 2005, and he completed the sentence on March 14, 2006. (*See* Doc. 15-1 at 2, Janis Decl., ¶¶ 7, 8.)

With respect to his current sentence, the Board has reviewed Fells for parole on two (2) occasions and has denied parole both times. (*See id.* at 3 ¶ 12.)  The first

---

[2]The offense of Statutory Rape has been replaced by the offense of Statutory Sexual Assault, as set forth in 18 Pa. Cons. Stat. Ann. § 3122.1.

denial is the subject of the instant Petition and occurred after the Board first interviewed Fells for parole on July 27, 2010. (*See id.* ¶ 13.) Prior to that interview, on June 28, 2010, Fells received a misconduct for violation of visiting room rules at the institution where he was housed. (*See id.* ¶ 14.) On July 30, 2010, the Board recorded a decision denying Fells parole from his current sentence. (*See id.* ¶ 15.) The July 30, 2010 decision listed the following reasons in support of the decision to deny Fells parole: (1) his need to participate in and complete additional institutional programs; (2) his institutional behavior, including reported misconducts; (3) the negative recommendation made by the Department of Corrections; (4) his prior unsatisfactory parole supervision history; and (5) his minimization of the nature and circumstances of the offense committed. (*Id.* at 3-4 ¶ 16.) Fells did not appeal from the July 30, 2010 parole denial to any Pennsylvania court. (*See* Doc. 15, Respondents' Answer, at 4 14.)

The Board interviewed Fells for parole the second time on August 2, 2011, after he had filed the instant Petition. (*See* Doc. 15-1 at 4, Janis Decl., ¶ 17.) Prior to this interview, on May 20, 2011, Fells received a second misconduct for violation of visiting room rules at the institution. (*See id.* ¶ 18.) Fells also withdrew from sex offender programming on May 27, 2011. (*Id.* ¶ 19.) On August 30, 2011, the Board recorded a decision denying Fells parole. (*Id.* ¶ 20; Doc. 5-2 at 18, Ex. 10, 8/30/11

4

Parole Denial.) The August 30 decision listed the following reasons in support of the decision to deny Fells parole: (1) his unacceptable compliance with prescribed institutional programs; (2) his need to participate in and complete additional institutional programs; (3) his institutional behavior, including reported misconducts; (4) the negative recommendation by the Department of Corrections; and (5) his failure to demonstrate motivation for success. (*See id.*) Fells did not appeal the August 30, 2011 parole denial to any Pennsylvania court. (*See* Doc. 15 at 5 ¶ 20.)

Fells is not scheduled to be reviewed for parole again on the Board's own motion. (*See* Doc. 15-1, Janis Decl., at 5 ¶ 22.) However, Fells still has the right to file a parole application if he wishes to be seen again in accordance with 61 Pa. Cons. Stat. Ann. § 6139. (*See id.* ¶ 23.)

## II. DISCUSSION

Before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to

review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To properly exhaust a claim involving a determination by the Parole Board, a petitioner first must seek administrative review with the Parole Board within thirty (30) days of the mailing date of the Board's decision. *See* 37 Pa. Code § 73.1(a). Once the Parole Board has rendered a final decision, a petitioner must seek review in the Commonwealth Court. *See* 42 Pa. Cons. Stat. Ann. § 763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. *Pagan v. Pennsylvania Bd. of Prob. and Parole*, 2009 WL 210488 *3 (E. D. Pa. Jan. 22, 2009); *see also Brown v. Pennsylvania Bd. of Prob. and Parole*, 2010 WL 2991166 (E.D. Pa. July 28, 2010). If a petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. *See Williams v. Wynder*, 232 Fed. Appx. 177, 181 (3d Cir. 2007).

Fells admits in his Petition and in his reply brief that he did not challenge the Board's July 30, 2010 parole denial in any Pennsylvania court before filing the instant Petition. (*See* Doc. 1 at 5; Doc. 24 at 3 § IV. A.) Fells indicates in his reply brief that he sought administrative review in the form of "an appeal to the Board's adverse decision" and cites to "Attachment A" (*see* Doc. 24 at 3), but there is no attachment to

his brief, and there is no indication in the record that he ever filed an appeal with the Board from its July 30, 2010 denial of parole. However, even if Fells filed an appeal to the Board, he admits that he never filed a petition for review with the Commonwealth Court, and therefore, it is clear that his claims are unexhausted in state court. Because the time for filing a petition for review with the Commonwealth Court has expired, Fells' claims are time-barred. *See* Pa. R. App. P. 903(a) (notice of appeal shall be filed within 30 days after entry of the order from which the appeal is taken.). As such, Fells is in procedural default for failure to comply with the state filing requirement. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Brown v. Pennsylvania Bd. of Prob. and Parole*, 2010 WL 3025617 *2 (E.D. Pa. June 7, 2010) (internal quotations omitted). To demonstrate "cause" for a procedural default, the petitioner must show that "'some objective factor external to the defense ... impeded [his or her] efforts to comply with the [state] procedural rule.'" *Leyva v. Williams,* 504 F.3d 357, 366 (3d Cir. 2007) (quoting *Slutzker v. Johnson,* 393 F.3d 373, 381(3d Cir. 2004)); *Murray v. Carrier,* 477 U.S. 478, 488 (1986). The petitioner may demonstrate prejudice by establishing

the existence of errors that "worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." *Murray,* 477 U.S. at 494.

With respect to the miscarriage of justice exception, it applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). Thus, a petitioner must demonstrate that he is actually innocent of the crime by presenting new evidence of innocence. *Schlup v. Delo*, 513 U.S. 298 (1995); *Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir.), *cert. denied*, 534 U.S. 973 (2001).

In the instant case, Fells has not demonstrated cause or prejudice, nor has he demonstrated his actual innocence such that a lack of review by this Court will constitute a fundamental miscarriage of justice. He plainly admits in his Petition and in his reply brief that he never raised his challenge in any state court to the Board's denial of parole, and specifically his challenge to the Board's authority to impose a requirement on him that he complete a sex offender's program in order to be paroled. (*See* Doc. 1 at 5; Doc. 24 at 3 § IV. A.) In his reply brief, Fells states that he did not challenge the Board's parole denial "because the Commonwealth has already ruled

that inmates cannot do so." (Doc. 24 at 3.) He then states that he has "started the procedures to withdrawl [*sic*] his negotiated plea agreement for breach of contract committed by its agent (Board)" and anticipated that a filing would be made before the end of December 2011. (*Id.*)

It is not entirely clear why Fells believes that inmates are precluded from challenging parole denials in Pennsylvania; he does not cite any case law to support this proposition. He also does not explain his suggestion that an action for breach of contract would be an acceptable means to exhaust his state court remedies regarding the Board's parole denial. Notwithstanding these insufficiencies in his argument, it is more significant that Fells fails to explain his failure to follow the required procedures for challenging a parole denial in Pennsylvania courts. To the extent Fells seeks to rely on his misinterpretation of Pennsylvania law relating to appellate review of parole denials as "cause" for his procedural default, a misunderstanding of appellate rights is insufficient to establish cause for procedural default. *See Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (stating that the petitioner's "misunderstanding" of appellate rights is not "cause" for procedural default); *see also Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir.), *cert. denied*, 537 U.S. 897 (2002) (stating that "cause" generally requires external impediment rather than mere "inadvertence" of petitioner). As such, Fells has failed to demonstrate cause for the default and actual prejudice.

Furthermore, Fells limits his challenge to the Board's authority to deny him parole and does not assert that he is actually innocent of the underlying crime. Thus, he does not establish that a miscarriage of justice would result if his claims are not reviewed by this Court. Consequently, where his claims are unexhausted, and he has not made the requisite showing to obtain review of procedurally defaulted claims, Fells is precluded from pursuing habeas relief.

## III.   CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) will be dismissed for failure to exhaust administrative and state court remedies. We also will deny a certificate of appealability based on the reasoning in this Memorandum. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks, and obtains, a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22. An appropriate Order will enter on today's date.